UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KYLE L. TEED | * | CIVIL ACTION NO. |
| | * | |
| versus | * | JUDGE: |
| | * | |
| GLOBAL INDUSTRIES OFFSHORE, LLC | * | SECTION: |
| | * | |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND JURY DEMAND**

The Complaint of Kyle L. Teed, a person of the full age of majority, and a resident and domiciliary of Montoursville, Pennsylvania respectfully represents, as follows, to-wit:

1.

Made defendant herein is:

**A.** **GLOBAL INDUSTRIES OFFSHORE, L.L.C**, (hereinafter "Global") a limited liability company authorized to do and doing business in the State of Louisiana.

2.

Jurisdiction of this Honorable Court is based on the Jones Act (46 U.S.C. § 688, *et seq.*) and under the general maritime law for negligence and unseaworthiness.

3.

Defendant is justly and truly indebted unto Plaintiff for the following reasons, to-wit:

4.

At all material times, Plaintiff, Kyle L. Teed, was employed by Defendant, Global, as a Jones Act seaman.

5.

Plaintiff was permanently assigned to the Normand Commander DP-2 (hereinafter "Normand Commander"), a multi service vessel, as a seaman and member of the crew.

6.

At all material times, the Normand Commander was in navigation in the Gulf of Mexico, and was owned and/or operated and/or chartered and/or controlled by Defendant.

7.

On June 3, 2011, Plaintiff was working aboard the Normand Commander, when a LARS (Launch and Recovery System) unit, suddenly, and without warning, fell on him, causing him to be pinned to the deck of the vessel.

8.

At the time of the accident, the LARS unit was being positioned by Plaintiff's fellow crew members to be off loaded upon the crew's arrival at Port Fourchon.

9.

Plaintiff was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obligated to perform pursuant to directives of Defendant.

10.

The accident was caused by no fault of Plaintiff and was caused solely by the negligence and wanton recklessness of Defendant, which is more particularly described as follows:

- A. Failure to properly train the crew members that were attempting to move the LARS unit;

- B. Failure to properly supervise the crew members that were attempting to move the LARS unit;

- C. Failure to undertake a JSA and/or other safety meeting prior to attempting to move the LARS unit;

- D. Failure to follow applicable safety and operating procedures that govern the movement of the LARS unit;

- E. Failure to follow government and industry rules, regulations, and standards;

- F. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the vessel at the time of the accident;

- G. Failure to act with the required degree of care commensurate with the existing situation; and

- H. Other acts of negligence and fault which may be shown through discovery or at trial.

11.

These acts of negligence render Defendant liable to Plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or general maritime law for negligence.

12.

Plaintiff further avers that through the actions and/or inactions of Defendant, that the Normand Commander was rendered unseaworthy.

13.

The unseaworthiness of the Normand Commander render Defendant liable to Plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or general maritime law for unseaworthiness.

14.

Plaintiff seeks recovery against Defendant for its wrongful conduct, including gross, reckless, and wanton conduct, under the general maritime law and as a Jones Act seaman and member of the crew of the Normand Commander vessel.

15.

As a result of this incident, Plaintiff sustained severe and disabling physical injuries, including, but not limited to injuries to his:

A. Back;

B. Pelvis;

C. Ankle; and

D. Foot.

16.

As a result of this incident, Plaintiff sustained emotional and psychological injuries, including, but not limited to, the following:

A. Anxiety;

B. Restlessness; and

C. Depression.

17.

As a result of the above-described negligence, Plaintiff is entitled to recover all general and special damages provided by law, including, but not limited, to the following:

    A.    Physical and mental injury, pain and suffering, mental anguish and distress and fright;

    B.    Loss of earnings, past and future;

    C.    Loss of earning capacity;

    D.    Loss of enjoyment of life;

    E.    Mental anguish, grief, profound depression, anxiety and suffering;

    F.    Medical and related expenses, past and future;

    G.    Punitive or exemplary damages;

    H.    Other items of damage which may be shown through discovery or at trial;

    I.    All appropriate general and equitable relief;

    J.    Prejudgment interest on all sums awarded from date of loss until paid;

    K.    Post-judgment on all sums awarded from date of judgment until paid; and

    L.    All court costs and litigation costs allowed by law.

18.

Plaintiff demands that Defendant provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $60.00 per day from the date of his injury.

19.

Defendant's conduct was reckless and egregious in complete disregard of the safety of Plaintiff and Defendant is therefore liable for punitive damages.

20.

Defendant is further liable for punitive damages for its willful and wanton disregard of its maintenance and cure obligations to Plaintiff by issuing minimal maintenance payments.

## REQUEST FOR JURY

21.

Plaintiff prays for a jury trial of all matters herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Kyle L. Teed, prays that after due proceedings are had, there be judgment in his favor and against the Defendant, Global Industries Offshore, L.L.C., for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

\_\_\_\_s/Joseph E. Cain_____
**MAURY A. HERMAN (La Bar No. 6815)**
**JAMES C. KLICK (La. Bar No. 7451)**
**JOSEPH E. CAIN (La Bar No. 29785)**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024